IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANNIE THOMAS REED o/b/o DMR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-0149-KD-N |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Plaintiff, Annie Thomas Reed, brings this action on behalf of her minor grandchild, DMR[1], seeking judicial review of a final decision of the Commissioner of Social Security denying the claim for child supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*. The undersigned heard oral argument from counsel on October 22, 2009. Present were AUSA Alex F. Langford, IV, counsel for the defendant and Colin E. Kemmerly, Esq., counsel for plaintiff. Prior to the start of the hearing, the parties, through their respective counsel, consented to have the undersigned conduct any and all proceedings in this case (Doc. 17). Thus, this action was referred (doc. 18) to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. Upon consideration of the administrative record (doc. 11) and the parties' respective briefs (docs. 12, 14) as well as arguments made by counsel at the hearing, it is hereby

---

[1] The records indicate that the child's initials are DJMR and that he uses his first name. The Commissioner's reference to claimant as "JMR" in the brief appears to be a typographical error.

1

ORDERED that the decision of the Commissioner be AFFIRMED.

Legal Standard

<u>Judicial Review</u>

A limited scope of judicial review applies to a denial of Social Security benefits by the Commissioner.  Specifically, judicial review of the administrative decision is limited to three questions: (1) whether the proper legal standards were applied; (2) whether there was substantial evidence to support the findings of fact; and (3) whether the findings of fact resolved the crucial issues.  <u>Washington v. Astrue</u>, 558 F.Supp.2d 1287, 1296 (N.D.Ga. 2008); <u>Fields v. Harris</u>, 498 F.Supp. 478, 488 (N.D.Ga.1980).  This Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner.  If substantial evidence supports the Commissioner's factual findings and the Commissioner applies the proper legal standards, the Commissioner's findings are conclusive. <u>Lewis v. Callahan</u>, 125 F.3d 1436, 1439-40 (11th Cir.1997); <u>Barnes v. Sullivan</u>, 932 F.2d 1356, 1358 (11th Cir.1991); <u>Martin v. Sullivan</u>, 894 F.2d 1520, 1529 (11th Cir.1990); <u>Walker v. Bowen</u>, 826 F.2d 996, 999 (11th Cir.1987); <u>Hillsman v. Bowen</u>, 804 F.2d 1179, 1180 (11th Cir.1986); <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir.1983). "Substantial evidence" means more than a scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be enough to justify a refusal to direct a verdict were the case before a jury. <u>Richardson v. Perales</u>, 402 U.S. 389 (1971); <u>Hillsman</u>, 804 F.2d at 1180; <u>Bloodsworth</u>, 703 F.2d at 1239. "In determining whether substantial evidence exists, [the Court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." <u>Chester v. Bowen</u>, 792 F.2d 129, 131 (11th

Cir.1986). Even where there is substantial evidence to the contrary of the ALJ's findings, the ALJ decision will not be overturned where "there is substantially supportive evidence" of the ALJ's decision. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir.1991).  In contrast, review of the ALJ's application of legal principles is plenary.  Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir.1995); Walker, 826 F.2d at 999.

Standard for Evaluation of Minor's Claims

In 1996, Congress altered the standard for finding disability in children's cases. *See* 42 U.S.C. §1382c.

> An individual under the age of 18 shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(A)(3)(C)(I)(ii).[2]

> An impairment(s) causes marked and severe functional limitations if it meets or medically equals in severity the set of criteria for an impairment listed in the Listing of Impairments [the Listing] in appendix 1 of subpart P of part 404 of this chapter, or if it is functionally equal in severity to a listed impairment.

20 C.F.R. § 416.924(d).  Thus, a child's impairment or combination of impairments must meet, equal, or functionally equal a section of the Listing of impairments, 20 C.F.R. § 404, Subpt. P,

---

[2] The Commissioner uses a three-step analysis to make this determination. First, it is determined whether the claimant is engaged in substantial gainful activity. If not, the Commissioner then determines whether the claimant has a severe impairment or combination of impairments.  If it is determined that a severe impairment or combination of impairments exists, the Commissioner then determines whether the impairment or combination of impairments meets, or is medically or functionally equal to, an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P, and otherwise satisfies the duration requirement. 20 C.F.R. § 416.924(a); Wilson v. Apfel, 179 F.3d 1276, 1277 n. 1 (11th Cir.1999).

App. 1., to be considered disabling.

To be functionally equivalent in severity to one or more of the listed impairments, a claimant's impairments must cause the same functional limitations as those described in a listed impairment, i.e. it must result in "marked"[3] limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). This determination is made by considering a claimant's limitation of specific function, broad areas of development or function, episodic impairments, and limitations related to the effects of treatment or medication. 20 C.F.R. § 416.926a(b). Children between the ages of 3 and 18 are evaluated in terms of cognitive and communicative development, motor development, social development, personal development, and concentration, persistence, and pace; disability is established if the child has an extreme degree of restriction in one area of functioning or marked limitation in two areas of functioning. 20 C.F.R. § 416.926a(b)(2).[4]

Teachers, as well as other non-medical personnel, may be treated as a valid source of

---

[3] A "marked" limitation is defined as a limitation that interferes seriously with [the] ability to independently initiate, sustain, or complete activities, and is more than moderate. *See* 20 C.F.R. § 416.926a(e)(2)(I). An "extreme" limitation is reserved for the worst limitations and is defined as a limitation that interferes very seriously with [the] ability to independently initiate, sustain, or complete activities, but does not necessarily mean a total lack or loss of ability to function. Id. at § 416.926a(e)(3)(I).

[4] The criteria for functional equivalence to a listing are set out in 20 C.F.R. § 416.926a. That regulation requires consideration of six domains, which are broad areas of functioning intended to capture all of what a child can and cannot do. 20 C.F.R. § 416.926a(b)(1). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). To establish a functional impairment equal to the listings, the claimant has to show an extreme limitation in one domain or marked limitations in two of the domains. Id. at § 416.926a(d). On this appeal, Plaintiff challenges two functional domains: attending and completing tasks and interacting and relating to others.

evidence to show the severity of the impairment and how the child typically functions compared to other children his age.  20 C.F.R. §416.913(d).  Social Security Ruling 06-03p, which addresses "evidence from 'non-medical sources'," provides that, where the non-medical source has seen the claimant in his or her professional capacity, the evaluation of that evidence is fact-specific, considering the nature and extent of the relationship between the source and claimant, the source's qualifications and expertise, the extent to which the source provides relevant evidence to support his or her opinion, and the consistency of that opinion with other evidence.  Under certain circumstances, the opinion of such a source may be entitled to greater weight than a medical source, even a treating source.

## Facts

Plaintiff claims that the ALJ committed reversible error by failing to discuss or assign any weight in his order to the opinions of two of the minor claimant's teachers, Virginia Whitten and A. Grimes.  While an ALJ is not required to discuss every piece of evidence on the record, he must nonetheless "develop a full and fair record", which, at least, means that his opinion must describe his analysis with enough detail to satisfy a reviewing court that he gave all of the relevant evidence before him its due regard.  Newsome ex rel. Bell v. Barnhart, 444 F.Supp.2d 1195, 1198 n. 2 (M. D. Ala.2006) (citing Ogranaja v. Comm'r of Soc. Sec., 186 Fed. Appx. 848, 851 (11th Cir.2006) ( "We do not require the ALJ to 'specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow us to conclude that the ALJ considered the claimants' medical condition as a whole.").

The ALJ determined that DMR was not disabled.  Following the three-step sequential evaluation for minor claimants, the ALJ determined at the second step that DMR suffered from

ADHD, which constituted a 'severe' impairment. (Doc. 11, at 16)  However, at step three, he determined that DMR's impairment "did not meet the criteria of Section 112.11 of the Listing of Impairments." Id.  He concluded that DMR did not have "an impairment or combination of impairments that functionally equals the listings (20 C.F.R. 416.924(d) and 416.926a)." Id.

The ALJ's detailed findings in support of his determination are set forth in his Decision, and are found at pages 16-25 of the Social Security record (doc. 11) and will not be reiterated here.  His findings of fact address much of the evidence presented in significant detail, including specific medical evidence from two psychologists, and the detailed testimony of the claimant's mother and grandmother.[5]  However, the ALJ does not specifically mention or address the two Teacher Questionnaires submitted by plaintiff, and does not expressly factor the teachers' opinions into his analysis.

The first two Teacher Questionnaires were completed by Ms. Virginia Whitten who taught DMR in the 2006-07 school year, the other Questionnaire was completed by Ms. A. Grimes who taught DMR during the 2007-08 school year.  Each teacher appears to have been the child's only teacher for that year, and thus been in contact with him for the entire school day.  Each questionnaire is broken into sections corresponding to the domains identified in the Social Security regulations.

The ALJ determined that DMR had no limitations in acquiring and using information; less than marked limitations in attending and completing tasks and in interacting and relating to others; no limitations in moving about and manipulating objects, caring for himself, or in health

---

[5] In his opinion, the ALJ states that he specifically assigns significant evidentiary weight to the opinion of William H. Simpson, Ph.D. (Doc. 11, at 20)  Dr. Simpson completed a Childhood Disability Evaluation on DMR on December 18, 2006. (Doc. 11, Exhibit 6f)

and physical well-being.

## Analysis

Despite basing plaintiff's entire appeal on the ALJ's failure to expressly address the opinions of the two teachers, plaintiff's counsel has not cited any authority that the failure to include an express discussion of such evidence is grounds for remand. Plaintiff does not claim that the record does not support the ALJ's decision.

There is no requirement in the Social Security regulations or rulings that the ALJ assign any weight to non-medical sources, only that the evidence be considered. *See* 20 C.F.R. §416.913(d); SSR 06-03p. As the Eleventh Circuit stated in Randolph v. Astrue, 291 Fed.Appx. 979, 982 (11th Cir. 2008)

> The ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for his decision in order to enable a reviewing court to determine whether the decision was based on substantial evidence. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir.1981). However, 'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision.' Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir.2005) (*quoting* Foote v. Chater, 67 F.3d 1553, 1557 (11th Cir.1995)).

*And see* McCray v. Massanari, 175 F. Supp. 2d 1329, 1336 (M.D. Ala. 2001) (the failure to discuss specific evidence does not mean that it was not considered); *see also* Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005)(There is no requirement that the ALJ "specifically refer to every piece of evidence in his decision," so long as the decision is sufficient to allow the court to conclude that the ALJ considered the claimant's medical condition as a whole.)

In the ALJ's decision, he states that he considered the whole record before him, including medical and non-medical opinion evidence. (Doc. 11 at 15.) In addition, the ALJ specifically states that he "considered the opinion evidence in accordance with 20 C.F.R. 2416.926, SSRs

96-2p, 96-5p, 96-6p and 96-3p." (Id. at 16)  The teachers' questionnaires were part of the record.  This court has no reason to doubt the ALJ's assertion, particularly given the detailed analysis of the medical evidence and of the testimony of the plaintiff and the claimant's mother and grandmother.  "We do not require an explicit finding about credibility; instead findings may be by implication if they are 'obvious to the reviewing court.' " Carter v. Astrue, 228 Fed.Appx. 967, 969 (11th Cir. 2007) (*quoting* Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir.1983)).  The undersigned is satisfied that the ALJ considered the teacher questionnaires in rendering his decision.

## Conclusion

For the foregoing reasons, it is hereby ordered that plaintiff's appeal is DENIED, that the decision of the Commissioner is AFFIRMED, and that Judgment shall enter for the defendant.

DONE this the 26th day of October, 2009.

/s/   Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE